UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SHANNON POWELL,

          Plaintiff,          Case No. 2:22-cv-235

v.                                      Honorable Maarten Vermaat

M. BROWN et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Defendants Warden M. Brown, Prison Counselor Unknown McDowell, and Corrections Officer Unknown Owens.

Plaintiff alleges that he is a "juvenile offender who had his natural life sentence vacated due to it being unconstitutional." (ECF No. 1, PageID.3.) Public records indicate that Plaintiff is

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

currently incarcerated after being convicted for felony murder that occurred on June 29, 1995. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=258660 (last visited Jan. 17, 2023). Plaintiff was initially sentenced to life in prison on August 26, 1997. *See* Register of Actions, Case No. 96-006226-01-FC, https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," select "Search By Defendant," type "Powell" for "Last Name" and "Shannon" for "First Name," select "Search," then select the link for Case No. 96-006226-01-FC). On August 5, 2022, Petitioner was resentenced to 31 to 60 years of incarceration. *See id.*

Plaintiff contends that he "was granted 9,492 days of jail credit" so that his date to see the Michigan Parole Board should have been May 15, 2022. (ECF No. 1, PageID.3.) On August 12, 2022, Plaintiff spoke to Defendant McDowell and asked to see the parole board, stating that he was "already [past his] date." (*Id.*) Plaintiff claims that Defendant McDowell then "knowingly falsified a recommendation so [that Plaintiff lost] disciplinary credit and Warden M. Brown approved it." (*Id.*) Plaintiff claims that the report was prepared by Defendant Owens. (*Id.*) Plaintiff avers that because of this report, his parole board date was changed from May 15, 2022, to June 1, 2023. (*Id.*) Plaintiff contends that "[t]his is double jeopardy and retaliation because [he] was resentenced." (*Id.*) He claims that when he received the misconducts, the Wardens at the respective facilities where he received them "never requested [that Plaintiff] lose these days." (*Id.*) Plaintiff asserts that Defendants "took 381 days for tickets that [were] caught over 20 year[s] ago." (*Id.*)

Plaintiff's exhibits provide more support for his assertions. After Plaintiff was resentenced, he received a new Basic Information Sheet from the MDOC. (ECF No. 4, PageID.33.) That document indicated that Plaintiff's parole eligibility date was May 15, 2022, and that his maximum sentence date was December 12, 2045. (*Id.*) However, on August 12, 2022, Defendant Owens

4

prepared a Time Review and Disposition sheet. (*Id.*, PageID.32.) That document indicated that staff were conducting a "[s]pecial disciplinary credit review for Juvenile Lifer Resentence." (*Id.*) Per that report, Petitioner had not earned 185 days of disciplinary credit because of major misconducts, and he had 185 days of previously forfeited or not earned days that were not available for restoration. (*Id.*) Plaintiff had a total of 546 days of special disciplinary credit available to be awarded; he was awarded 73 days of credit. (*Id.*) The Time Review and Disposition sheet indicated that Plaintiff's new parole eligibility date was June 1, 2013, and that his new maximum sentence date was January 1, 2047. (*Id.*) The report was signed by Defendant Brown. (*Id.*)

As relief, Plaintiff asks for the 381 days that he claims were taken from him to be credited to his sentence. (ECF No. 1, PageID.4.) He also requests $100.00 per day, for a total of $38,100.00. (*Id.*) Plaintiff also requests that Defendants be fired "for back dating and falsifying paperwork in addition to whatever the Court sees fit." (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted *supra*, Plaintiff contends that Defendants, by conducting a review of his disciplinary credits and preparing a Time Review and Disposition Sheet, took disciplinary credits from him, and that by doing so, his parole eligibility date changed from May 15, 2022, to June 1, 2023. It is clear from Plaintiff's exhibits, however, that his parole eligibility date was not the only date affected by the determination regarding disciplinary credits. Plaintiff's maximum sentence date was also affected, as it was initially calculated to be December 12, 2045, and is now January 1, 2047. Thus, Plaintiff's complaint ultimately challenges the duration of his confinement. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by

6

a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, Plaintiff seeks monetary relief, as well as injunctive relief in the form of restoration of the 381 days he claims were taken. In *Heck*, however, the Supreme Court held that a state prisoner cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87 (footnote omitted). The Court subsequently extended *Heck* to apply to prison disciplinary proceedings, concluding that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him or her of good time credits when the defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief);

7

*Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App's 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal would be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)). Accordingly, the Court will dismiss without prejudice Plaintiff's complaint for failure to state a claim. Plaintiff may, if he desires, file a habeas corpus petition pursuant to 28 U.S.C. § 2254 that raises his challenge concerning his disciplinary credits and their impact on the duration of his confinement. Plaintiff's § 1983 claims, therefore, are barred under *Heck* and *Edwards* until his misconduct convictions have been invalidated or his disciplinary credits have been restored.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00

8

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  January 23, 2023                     /s/ *Maarten Vermaat*
                                             Maarten Vermaat
                                             United States Magistrate Judge